# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**IN THE MATTER OF:**

Clarence Edward Hayes, and        Bankruptcy Case No. 14-44454

Carole Michelle Hayes        Honorable Phillip J. Shefferly

             Debtors.        Chapter 7

_____/

## MOTION TO COMPEL DEBTORS
## TO COOPERATE WITH REAL ESTATE BROKER

NOW COMES, Chapter 7 Trustee Karen E. Evangelista ("Trustee") by and through her counsel, Stevenson & Bullock, P.L.C., who hereby requests that this Court enter an order substantially in the form attached hereto as Exhibit 1 compelling the Debtors to cooperate with the employed real estate broker.

Trustee, through her counsel, in support of her Motion, states:

## I.      <u>JURISDICTION</u>

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper under 28 U.S.C. § 1408 and 1409.

## II.      <u>FACTS</u>

3. On March 18, 2014, the debtors, Clarence Edward Hayes and Carole Michelle Hayes (the "Debtors"), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

4. Trustee is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate").

5. On Debtors' filed Schedule A (Docket No. 1), they listed an interest in certain real property commonly known as 22431 Marine Ave., Eastpointe Michigan 48021 (the "Real Property"). The legal description of the Real Property is:

The following described premises situtated in the City of Eastpointe, County of Macomb, State of Michigan, to wit:

> Lot(s) 58 of RE-PLAT OF KELLY DUFFALO PARK SUBDIVISION, according to the plat thereof recorded in Liber 22 of Plats, Page 25 of Macomb County Records.
>
> Tax Parcel No. 02-14-33-104-010
>
> Commonly known as 22431 Marine Ave., Eastpointe Michigan 48021

6. The Real Property is property of the Estate. 11 U.S.C. § 541.

7. On April 30, 2014 Trustee was authorized by this Court to employ Ed Harris of First R.E., LLC ("Broker") as real estate broker to sell the Real Property (Docket No. 18).

8. Subject to the higher and better offers, the Trustee has determined that it is in the best interests of creditors and the Estate to accept an offer to purchase the Real Property (See, Trustee's Motion for Entry of Order Authorizing Trustee to Sell Real Property Free and Clear of Liens, to Compensate Broker at Closing, and for Additional Related Relief (the "Motion to Sell") [Docket No. 26]).

9. In an apparent effort to thwart the Trustee's efforts to liquidate the Real Property, the Debtors have filed a Motion to Convert to Chapter 13 (the "Motion to Convert") [Docket No. 25]).[1]

---

[1] The Motion to Convert is procedurally defective. See Docket No. 30. Assuming that such deficiencies are timely corrected and the Motion to Convert is not stricken from the record, the Trustee intends to oppose the relief sought in the Motion to Convert.

10.     Consistent with the Motion to Sell, the Broker has attempted to continue to show the Real Property in an effort to solicit higher and better offers.

11.     The Broker had no less than five (5) showings scheduled to occur over the weekend of May 17-18, 2014 of the Real Property; however, all such showings have been canceled by the Debtors who have informed the Broker that they "have the flu until Wednesday."

12.     The Debtors position is dubious given (i) their pending Motion to Convert; (ii) their previous attempts to thwart the Broker from marketing the property by (a) previously refusing to take phone calls from the Broker in his attempts to market the Real Property for showings to potential purchasers; (b) removing the "For Sale" sign from the front yard; (c) refusing to cooperate with the sale efforts prior to the Motion to Sell being filed with the Court; and (d) curiously scheduling a 144 hour "flu" at a time when the property must be marketed and shown to potential purchasers.

### III.     LEGAL AUTHORITY

13.     Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14.     Furthermore, notwithstanding their attempts to convert this case, the Debtors have an obligation and a duty to cooperate with the Trustee (and her professionals) and to turnover (or allow access to) property of the Estate to the Trustee.  11 U.S.C. §§ 521(a)(3) and 521(a)(4).

### IV.     CONCURRENCE REQUESTED

15.     Prior to the filing of this Motion, the undersigned counsel attempted contact with the Debtor's counsel to seek concurrence consistent with E.D. Mich. LBR 9014-1(g); however, no such concurrence was obtained.

## V.     RELIEF REQUESTED

WHEREFORE, the Trustee respectfully requests that this Honorable Court enter an Order in substantially the same form as attached hereto as Exhibit 1, compelling the Debtors to cooperate with the Trustee and her professionals, including Broker, and granting such other and further relief as is deemed appropriate.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Elliot G. Crowder (P76137)
Counsel for Trustee
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: ecrowder@sbplclaw.com

Dated: May 16, 2014

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**IN THE MATTER OF:**

Clarence Edward Hayes, and         Bankruptcy Case No. 14-44454

Carole Michelle Hayes         Honorable Phillip J. Shefferly

            Debtors.         Chapter 7

_____/

## ORDER COMPELLING DEBTORS
## TO COOPERATE WITH REAL ESTATE BROKER

THIS MATTER having come before this Honorable Court upon the Motion to Compel Debtors to Cooperate with Real Estate Broker[2]; a hearing have been held; any objections having been overruled; and the Court being fully advised in the premises;

NOW THEREFORE;

IT IS HEREBY ORDERED that the Debtors, Clarence Edward Hayes and Carole Michelle Hayes, shall cooperate with the Chapter 7 Trustee and her professionals, including without limitation, Stevenson & Bullock, P.L.C. and Broker;

IT IS FURTHER ORDERED that the Broker shall be permitted access to the Real Property upon reasonable notice provided to the Debtors;

IT IS FURTHER ORDERED that any future acts taken by the Debtors to impair the Broker's ability to market the property shall be sanctionable by further of this Court.

_____

[2] Capitalized terms contained herein shall have the same meaning as those in the Motion, unless stated otherwise.