# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:

**CLARENCE HAYES and**
**CAROLE HAYES,**

      **Debtors.**                                    Case No.: 14-44454
                                                            Chapter: 7
                                                            Judge: SHEFFERLY

_____/

## RESPONSE TO TRUSTEE'S MOTION TO COMPEL DEBTORS TO COOPERATE WITH REAL ESTATE BROKER

NOW COME the Debtors, CLARENCE EDWARD HAYES and CAROLE MICHELLE HAYES (the "Debtors") by and through their undersigned counsel, The Law Offices of Joseph G. Pleva, and hereby responds to the Trustee's Motion to Compel Debtors to Cooperate with Real Estate Broker as follows:

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit.
7. Admit.
8. Neither admit nor deny.
9. Neither admit nor deny.
10. Neither admit nor deny.
11. The Debtors respond that during the weekend of May 17-18, 2014, Debtor husband was hospitalized with diverticulitis and was extremely ill.
12. The Debtors respond that they have, at all times, acted in good faith and cooperated with the Trustee, her attorneys, and her real estate broker.
    a. The Debtor, Mr. Hayes, has consistently returned calls from the real estate broker;

    b. The Debtors admit that they initially did remove the "For Sale" sign from the front yard. When the sign appeared, they had not been informed that the Trustee intended to sell the property and so they were understandably confused by the sign's presence. After speaking with their prior counsel who advised them on what was happening, the Debtors put the sign back up with the hour;

    c. The Debtors submit they have cooperated with scheduled showings, including showings scheduled on May 14th and May 15th that were no-shows, for which no one ever called to inform them that the appointments had been cancelled;

    d. The appointments that were cancelled during the May 17-18, 2014 timeframe due to Mr. Hayes' illness have been rescheduled with the Debtors.

13. Admit.
14. Admit.
15. Deny. Debtors' counsel was not contacted for concurrence regarding this motion, and the allegations that have been posited by the Trustee could have been resolved easily without the filing of this Motion, along with its companion Ex Parte Motion for Expedited Hearing. The resulting time and expense is unnecessary and frivolous.

WHEREFORE, the Debtors request that the Trustee's Motion to Compel Debtors to Cooperate with Real Estate Broker be overruled in its entirety.

Dated: 5/23/2014

/s/ **Charissa Potts**
The Law Offices of Joseph G. Pleva
Attorneys for Debtor (s)
Charissa Potts (P73247)
Joseph G. Pleva (P60043)
19650 Harper Ave.
Grosse Pointe Woods, MI 48236
313-343-9300
plevalaw@gmail.com